**UNITED STATES of America**

v.

**Richard Francis LEWIS.**

**Crim. No. 71–653.**

United States District Court,
E. D. Pennsylvania.

March 9, 1972.

**814**

Carmen C. Nasuti, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William W. Stainton, Arnold, Bricker, Beyer & Barnes, Lancaster, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER .

VanARTSDALEN, District Judge.

Defendant was charged in a five count indictment with unlawful possession of four submachine guns and one sawed-off shotgun. Each weapon was the subject of a separate count.

An undercover agent, upon information received, contacted defendant at defendant's residence. The defendant exhibited to him a Thompson submachine gun which he offered to sell for $300.00. He also told the agent that he had a German submachine gun with one part missing and a pistol with a shoulder stock. On the basis of this information and having ascertained that the firearms were not registered under the National Firearms Act, Title 26 U.S.C.A. Section 5841(b) (Supp.1972), a search warrant was obtained for one Thompson submachine gun, one German submachine gun and a short barreled rifle.

The undercover agent again went to the defendant's premises, asked defendant if he still had the submachine gun for sale. Upon defendant giving him an affirmative answer, the agent left and went outside where he reported to other agents who had been waiting. These agents, armed with the search warrant, immediately went to the premises. Upon defendant's answering, the agents identified themselves and entered the premises. After being admitted, defendant was advised that the agents had a search warrant for the illegal weapons. The search ensued and the weapons for which defendant was indicted were seized along with three pistols with shoulder stocks or shoulder stock assemblies that are also illegal.

Defendant moved to suppress the evidence on the grounds of (1) lack of probable cause, (2) insufficiency of the affidavit, (3) failure to properly execute the warrant and (4) goods seized were not properly identified in the warrant. Following a denial of the motion to suppress, after a full evidentiary hearing, the defendant waived a jury trial, stipu-

lated that the evidence taken in the suppression hearing could be used as part of the nonjury trial evidence. Thereupon, at the conclusion of the testimony, the defendant was found guilty.

Defendant now moves for arrest of judgment and/or a new trial for the sole reason that the suppression motion should have been granted. It is clear that if the motion to suppress should have been granted, the conviction could not stand, and similarly, if the motion was properly denied, the defendant is clearly guilty of all counts of the indictment.

At the suppression hearing the only contentions seriously pressed were in regard to the manner of executing the warrant in two respects. First, defendant contends that by the agent going first to the premises and asking defendant if the one weapon was still in defendant's possession after the search warrant was obtained constituted the search without so advising defendant. Second, defendant contends that the subsequent entry into the premises without informing the defendant before crossing the threshold that the purpose was to execute the search warrant made the search illegal.

 Extensive discussion is unnecessary. The assertion in the suppression motion of lack of probable cause and insufficiency of the affidavit are clearly lacking in merit. The agent had actually been shown the one contraband weapon on the premises and advised of two others by the defendant prior to obtaining the warrant. Investigation showed that the guns were unregistered. Clearer "probable cause" would be hard to conceive. Likewise, the assertion of insufficiency of the supporting affidavit is totally lacking in merit. The special agent who had contacted the defendant clearly set forth the requisite and correct facts in the affidavit.

 The manner of executing the warrant was valid. The agents who were executing the warrant advised defendant who they were before entering, and were admitted without objection by defendant. Immediately upon entering, defendant was informed that the agents had the search warrant, and he was given all requisite constitutional warnings before the search itself was conducted and before any contraband weapons were seized. To say under these circumstances that prior to crossing the threshold the agents should inform the defendant of the search warrant and give warnings, would be to impose unreasonable and unrealistic burdens and technicalities. There is law that police in possession of a search warrant cannot "break" in the door unless certain exceptional circumstances are present and police first have announced who they are and that they have a search warrant. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1962), cited in United States v. Tracy, 350 F.2d 658, 661 (3rd Cir. 1965). That method of entering the home may offend federal constitutional standards of reasonableness and vitiate the legality of the search. *Ker* at 38, 83 S.Ct. 1623. In this case there was no breaking in by the police. The FBI identified themselves and were admitted into the house by the defendant. The search was not undertaken until the defendant was told that the agents had a search warrant. The manner of entering here is easily distinguished from that referred to in the *Ker* case.

 The contention that the agent by going to the premises and asking if defendant still had the one submachine gun, thereby constituted a search without advising of the search warrant, is equally incorrect. There was no search, merely a conversation with defendant. No item was seized until the agents arrived and the defendant was advised that they had the search warrant. In addition, this intervening investigation did not prevent the warrant from being executed promptly. Rule 41(d) of the Federal Rules of Criminal Procedure requires only that the execution take place within ten days. The warrant in this case was obtained on January 15, 1971

and it was executed on January 17, 1971.

Finally, defendant's motion contended that the items seized were not properly identified in the warrant. Clearly three of the weapons; namely, one Thompson submachine gun, one German submachine gun, and a short barreled rifle (being any one of the three pistols with shoulder stocks seized) were identified in the warrant and were the basis of two of the five counts of the indictment. (Defendant was charged with a sawed-off shotgun, but not with any short barreled rifle). Thus Counts 1 and 3 are directly identifiable with weapons defined in the search warrant.

■■ The weapons seized that were illegal, but not specifically defined in the search warrant, were properly seized. Although the agent may well have suspected that there would be found other contraband weapons, he may have had no "probable cause" to include other weapons in the list of items sought. In executing the warrant, the finding of other weapons that were illegal under the act, having previously ascertained that defendant had no such weapons properly registered for his possession, gave adequate grounds to seize these weapons. The law has long been that where agents are undertaking a proper search and they come upon property, not mentioned in the warrant, which is in the illegal custody of the party against whom the search is directed, it may be seized and used as evidence to prove even an unrelated crime. Harris v. United States, 331 U.S. 145, 154–155, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

The search and seizure was valid, and the conviction based on the evidence was proper. The motions for a new trial and for judgment of acquittal are denied.